UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ABDULLAH ALI,

       Petitioner,

       v.

PATRICK A. NOGAN, et al.,

       Respondents.

Civil Action No. 13-7364 (JBS)

**OPINION**

**APPEARANCES:**

       ABDULLAH ALI, #928029A
       East Jersey State Prison
       Lock Bag R
       Rahway, NJ 07065
          *Petitioner Pro Se*

       ESSEX COUNTY PROSECUTOR
          by:  Barbara A. Rosenkrans, Esq.
       50 West Market Street
       Newark, NJ 07102
          *Attorneys for Respondents*

**SIMANDLE, Chief Judge**[1]

Abdullah Ali filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Law Division, Essex County, on December 3, 2007, and amended on July 22, 2009, May 31, 2013, and September 12, 2013, after a jury found him guilty

---

[1] This case was reassigned to the undersigned following the death of the Hon. Dickinson R. Debevoise in August, 2015.

of three counts of second-degree sexual assault and one count of disorderly persons simple assault.  The State filed an Answer with the record and Ali filed a Reply.  After carefully reviewing the state court record and the arguments of the parties, this Court will dismiss the Petition with prejudice and deny a certificate of appealability.

## I.  BACKGROUND

A.  <u>The Crime</u>

Ali challenges an aggregate sentence of 20 years in prison with an 85% period of parole ineligibility, imposed after a jury convicted him of three counts of the lesser-included offense of second-degree sexual assault on A.D. and one count of the lesser included disorderly persons offense of simple assault.  (ECF No. 15-4 at 2.)  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state court factual findings are presumed correct unless rebutted by clear and convincing evidence.  <u>See</u> 28 U.S.C. § 2254(e)(1).  As Ali has not rebutted the factual findings of the New Jersey courts, this Court will rely on those findings.

The Appellate Division found the following facts on direct appeal:

On the evening of March 19, 2006, defendant, A.D., and three other individuals were using crack and heroin in A.D.'s Newark apartment. At around 11 p.m., defendant and A.D. were alone, the others having left the apartment. Defendant followed A.D. into her bedroom and asked, "[S]o, sis, you going to hit me off?" A.D. took this to mean that "[h]e was coming on[ ]to [her] sexually," and refused. Defendant then struck her in the face, pinned her to the bed, choked her, and put a pillow over her face so she "couldn't breathe or scream." Although she resisted violently at first, A.D. eventually succumbed to defendant's assault, and he forced her to perform oral sex on him. She attempted to escape, but defendant blocked the door with her bed. Defendant forced A.D. to take off her clothes and vaginally penetrated her with his fingers and penis.

The assault ended at about 2:30 a.m., at which point defendant drove A.D. to work. When she returned home around 2 p.m., her apartment door was open. When she entered, A.D. noticed that her bedroom furniture had been put back in place; she left the apartment in fear. When she returned a second time, around 7 p.m., the lights were on and defendant's car was parked in front. A.D. immediately called the police, who responded and apprehended defendant after he escaped through A.D.'s living room window.

A.D. was taken to University Hospital where she was examined and forensic evidence was obtained. She had swelling under her right cheek and dried blood on the outside of her left ear. Vaginal and cervical smears were taken and tested positive for the presence of sperm. Subsequent DNA analysis matched those samples to the combined DNA profile of A.D. and defendant.

State v. Ali, 2009 WL 1887156 (N.J. Super. Ct., App. Div., July 6, 2009), certif. denied, 200 N.J. 475 (2009) (table).

B.   The State Court Proceedings

The trial took place on June 5, 6, 7, 8, 2007.  The jury acquitted Ali of criminal restraint and terroristic threats, declined to convict him of the first-degree sexual assault charges in the indictment, and found him guilty of three lesser included offenses, i.e., second-degree sexual assault and disorderly persons simple assault.  On December 3, 2007, the trial judge sentenced him to three concurrent 20-year extended terms and a concurrent sentence of time served on the simple assault, with an 85% period of parole ineligibility.  Ali appealed, and on July 6, 2009, the Appellate Division of the Superior Court of New Jersey affirmed the convictions and remanded for resentencing because New Jersey law permitted only one extended term to be imposed.  See State v. Ali, 2009 WL 1887156 (N.J. Super. Ct., App. Div., July 6, 2009).  On July 22, 2009, the trial judge resentenced Ali to an aggregate 20-year term of imprisonment, with an 85% period of parole ineligibility.  (ECF No. 15-2 at 2.)  The New Jersey Supreme Court denied certification on October 8, 2009.  See State v. Ali, 200 N.J. 475 (2009) (table).

4

Ali filed a petition for post-conviction relief in the trial court on December 21, 2009. (ECF No. 14-8 at 5.) On July 28, 2010, the trial judge denied the petition for post-conviction relief without an evidentiary hearing for the reasons set forth in an opinion dated July 23, 2010. (ECF No. 1-1 at 27-31.) Ali appealed, and on June 18, 2012, the Appellate Division affirmed. See State v. Ali, Docket No. A-2628-10T4, slip opinion (N.J. Super. Ct., App. Div., June 18, 2012). The New Jersey Supreme Court denied certification on December 13, 2012. See State v. Ali, 212 N.J. 463 (2012) (table).

C.  Procedural History of § 2254 Petition

On December 1, 2013, Ali signed his § 2254 Petition and presumably handed it to  prison officials for mailing to the Clerk. (ECF No. 1 at 27.) The Petition raises grounds which are set forth below verbatim:[2]

> Ground One:  PETITIONER (WAS) [ILLEGALLY/ERRONEOUSLY] SENTENCED AT ORIGINAL SENTENCING DATE 12-3-07 TO A 4TH FELONY ASSAULT CHARGE, WHEN I SHOULD HAVE BEEN SENTENCED TO A DISORDERLY PERSONS OFFENSE, A MISDEMEANOR.

---

[2] The Court notified Ali of his right to amend the Petition to include all available federal claims in accordance with Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and he declined to do so. (ECF No. 3.)

Ground Two:  PER, JUDGE MICHAEL CASALE'S J.S.C. ESSEX VICINAGE [ERROR], AS ASSERTED IN GROUND ONE [ABOVE], PETITIONER WAS NOT ONLY SUBJECTED TO AN ILLEGAL SENTENCE, BUT DENIED THE RIGHT TO APPEAL, /DUE PROCESS.

Ground Three:  PETITIONER'S DISORDERLY PERSONS CONVICTION AND ENTIRE SENTENCE SHOULD BE DISMISSED . . . BECAUSE OF ILLEGAL/ERRONEOUS CHARGE COUNT #4, PETITIONER WAS DENIED RIGHT TO APPEAL, DUE PROCESS, AND PROCEDURAL DUE PROCESS.

Ground Four:  PETITIONER WAS IN ERROR [ILLEGALLY] [SENTENCED] AND CHARGED, BY JUDGE AT END OF TRIAL WITHOUT INDICTMENT OR PROCEDURAL DUE PROCESS WITH THREE IDENTICAL 2ND SEXUAL ASSAULT OFFENSES AND SENTENCED FOR EACH CHARGE.

Ground Five:  THE INDICTMENT SHOULD HAVE BEEN [DISMISSED] IN ITS ENTIRETY.

Ground Six:  PETITIONER WAS [DENIED] DUE PROCESS, PROCEDURAL DUE PROCESS AND [E]QUAL PROTECTION, OF HIS CONSTITUTIONAL RIGHT TO HAVE BEEN INFORMED OF THE NATURE AND PURPOSE OF WHAT IS NOW KNOWN AS A "CHARGE-CONFERENCE," TO HAVE PARTICIPATED IN SAID CONFERENCE, TO HAVE BEEN INFORMED OF HIS RIGHT TO CONTEST AND REQUEST WHAT IS NOW KNOWN AS "LESSER-INCLUDED OFFENSES," ALBEIT THEY W[ERE] NOT PART OF INDICTMENT.

Ground Seven:  PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY BOTH TRIAL AND APPELLATE ATTORNEYS, PUBLIC DEFENDER AND APPELLATE COUNSEL ASSIGNED BY ESSEX COUNTY PUBLIC DEFENDERS OFFICE, CONTRARY TO PETITIONER'S CONSTITUTIONAL RIGHT.

Ground Eight:  THE CUMULATIVE EFFECT OF THE ERRORS COMPLAINED OF RENDERED THE TRIAL UNFAIR.

(ECF No 1 at 6-21.)

The State filed an Answer and the record, and Minor filed a Reply.  (ECF Nos. 27, 33.)

## II.   STANDARD OF REVIEW FOR RELIEF UNDER § 2254

Section 2254 of title 28 of the United States Code sets limits on the power of a federal court to grant a habeas petition to a state prisoner.  See Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Where a state court adjudicated petitioner's federal claim on the merits,[3] as in this case, a court "has no authority to issue the writ of habeas corpus unless the [state c]ourt's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States', or 'was based on an unreasonable determination of the

---

[3] "For the purposes of Section 2254(d), a claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that 1) finally resolves the claim, and 2) resolves th[at] claim on the basis of its substance, rather than on a procedural, or other, ground."  Shotts v. Wetzel, 724 F.3d 364, 375 (3d Cir. 2013) (citation and internal quotation marks omitted).

facts in light of the evidence presented in the State court proceeding.'" Parker v. Matthews, 132 S.Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)).  "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." Woods v. Donald, 135 S.Ct. 1372, 1376 (2015).  The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits.  See Pinholster, 131 S.Ct. at 1398.

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court.  See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). "[C]learly established law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of t[he Supreme Court's] decisions," as of the time of the relevant state-court decision.  Woods, 135 S.Ct. at 1376 (quoting White v. Woodall, 134 S.Ct. 1697, 1702 (2014), and Williams v. Taylor, 529 U.S. 362, 412 (2000)).  A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1) if the state court

"contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams, 529 U.S. at 405-06.  Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id., 529 U.S. at 413.

Where a petitioner seeks habeas relief pursuant to § 2254(d)(2) on the basis of an erroneous factual determination of the state court, two provisions of the AEDPA necessarily apply. First, the AEDPA provides that "a determination of a factual issue made by a State court shall be presumed to be correct [and] [t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 29 U.S.C. § 2254(e)(1); see Miller-El v. Dretke, 545 U.S. 231, 240 (2005).  Second, the AEDPA precludes habeas relief unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of

9

the evidence presented in the State court proceeding."   28
U.S.C. § 2254(d)(2).

### III.   DISCUSSION

A.   Error in Judgment of Conviction (Grounds One – Three)

In Grounds One, Two and Three, Ali asserts that the
original judgment of conviction and two subsequent amended
judgments inaccurately stated that the disorderly persons
assault conviction was a fourth-degree assault conviction and
this error was not corrected for over five years or on May 31,
2013.  (ECF Nos. 13-5 at 2 and 15-3 at 2.)  Ali complains that
the error in the original judgment dated December 3, 2007,
deprived him of his rights to due process, equal protection and
to appeal, that the sentence of time served for the assault
conviction was an illegal sentence, and that the disorderly
persons conviction should have been dismissed due to this error
in the judgment.

The State argues that the error in the degree of the
assault conviction did not violate Ali's constitutional rights
because it had no effect on the aggregate sentence and because
the error was corrected on May 31, 2013.  This Court agrees.  On
remand from his direct appeal, the judgment entered on July 22,

10

2009, indicates that Ali was sentenced to an extended 20-year term on amended count one (second-degree sexual assault); a concurrent 10-year term on amended count two (second-degree sexual assault); a concurrent 10-year term on amended count three (second-degree sexual assault); and time served of 624 days for amended count four (fourth-degree simple assault). (ECF No. 15-2 at 2.)  In response to Ali's letter to the trial court, on May 31, 2013, Superior Court Judge Michael L. Ravin (who was not the sentencing judge) signed an amended judgment of conviction which corrected the conviction on count four from fourth-degree simple assault to disorderly persons simple assault, where both judgments cited N.J. Stat. Ann. § 2C:12-1a and both judgments imposed a concurrent term of 624 days time served on this count.

This error in the judgment did not deprive Ali of his right to appeal the disorderly persons assault conviction as Ali did appeal from the judgment of conviction and nothing prevented him from raising the error or challenging the disorderly persons simple assault conviction on appeal.  Moreover, the error did not cause him to serve more time in prison as the sentence imposed on that count was not consecutive and was unchanged in

11

the corrected judgment.  Ali has not shown that, by making the clerical error in his judgment of conviction and correcting that error five and one-half years later, the New Jersey courts acted contrary to or unreasonably applied Supreme Court precedent. Accordingly, he is not entitled to habeas relief on Grounds One through Three.

B.   Conviction of Lesser Included Second-Degree Sexual Assault

In Ground Four, Ali asserts that, at the end of trial and without a superseding indictment or due process, the trial judge illegally charged him with three identical second-degree sexual assault offenses.  He further states that these three second-degree sexual assault charges arose from the same criminal episode and they should have merged and constituted a single offense rather than separate convictions and sentences.  The State maintains that, although the indictment charged Ali with three counts of first-degree aggravated sexual assault and one count of second-degree assault, the trial judge decided at the close of trial to also instruct the jury on the lesser included offense of second-degree sexual assault, as the only difference was whether or not the victim sustained severe physical injury during the assault and the judge found that the jury could

rationally find Ali guilty of first or second-degree sexual assault.

It is not clear that Ali raised this claim in the New Jersey courts.  He did argue on post-conviction relief that counsel was deficient in failing to request instructions on the lesser included offenses of third and fourth-degree sexual contact.[4]  Regardless of whether or not Ali exhausted Ground Four, this Court will deny habeas relief because the claims raised in Ground Four are without merit.  See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Robinson v. Beard, 762 F.3d 316, 329 n.4 (3d Cir. 2014) (holding that the District Court did not err in finding claim to be without merit and declining to apply exhaustion and procedural default requirements); Carracosca v. McGuire, 520 F.3d 249, 255 (3d Cir. 2008) ("The District Court was thus well

_____

[4] The Appellate Division held that sexual contact was not a lesser included offense of sexual assault and that the evidence did not support a sexual contact charge since there was no basis for the jury to find that penetration did not occur where Ali did not deny penetration but argued that A.D. had consented.

13

within its discretion to deny Carrascosa's unexhausted claim on the merits."); Taylor v. Horn, 504 F.3d 416, 427 (3d Cir. 2007) ("[B]ecause we will deny all . . . claims on the merits, we need not address exhaustion.").

To the extent that Ali challenges the trial court's instructing the jury on second-degree sexual assault when the indictment charged first-degree sexual assault, the claim fails. The New Jersey courts' finding that the evidence supported an instruction on the lesser included offense of second-degree sexual assault is entitled to a presumption of correctness under 28 U.S.C. 2254(e)(1) and Ali has not rebutted this presumption of correctness by clear and convincing evidence.  In addition, any error of state law regarding this determination cannot form the basis for habeas relief as habeas relief is not available for violations of state law.  See Estelle v. McGuire, 502 U.S. 62, 71-72 (1991) ("[T]he fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief."); Engle v. Isaac, 456 U.S. 107, 119 (1982) ("Insofar as respondents simply challenge the correctness of the self-defense instructions under Ohio law, they allege no deprivation of federal rights and may not obtain habeas relief").

14

To the extent Ali challenges the failure to indict him on second-degree sexual assault, this claim similarly fails, as the Fifth Amendment right to an indictment by a Grand Jury does not apply to State criminal prosecutions.  See Apprendi v. New Jersey, 530 U.S. 466, 477 n.3 (2000); Albright v. Oliver, 510 U.S. 266, 272 (1994); Hurtado v. California, 110 U.S. 516 (1884).  Because the Due Process Clause of the Fourteenth Amendment has not been construed to incorporate the Fifth Amendment right to indictment by a Grand Jury, id., the legality of an indictment is a matter of state law, see U.S. Wojtycha v. Hopkins, 517 F.2d 420, 425 (3rd Cir. 1975), and "there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions." Beck v. Washington, 369 U.S. 541, 545 (1962).

Finally, Ali seemingly argues that the three sexual assault charges constituted only one crime.  However, the State correctly argues that it was not unconstitutional for the jury to have determined that Ali committed three different acts of sexual penetration and, in any case, the sentences imposed on the second and third sexual assault convictions ran concurrently to the 20-year sentence imposed on the first sexual assault

15

conviction.  Ali is not entitled to habeas relief on Ground Four because he has not shown that the trial court violated his constitutional rights by instructing the jury on the lesser included offense of second-degree sexual assault and allowing the jury to convict him of sexually assaulting A.D. three times.

C.   Whether the Indictment Should Have Been Dismissed

In Ground Five, Ali asserts that the indictment should have been dismissed because the indictment charged him with three counts of first-degree aggravated sexual assault and the jury acquitted him of these three first-degree sexual charges.  He asserts that "[t]he elements of the offenses were identical, the charges as alleged from the same criminal episode; thus the offenses merged and constituted a single offense; entry of separate sentences under such circumstances would constitute triple punishment for the same wrongdoing."  (ECF No. 1 at 13.)

As explained above, the jury found Ali guilty of three counts of sexual assault because it found that he had committed three acts of sexual assault on A.D.  Ali has not shown that this violates the Constitution or is inconsistent with clearly established Supreme Court precedent.  In addition, the State correctly contends that, although the court imposed a 20-year

16

sentence on the first second-degree sexual assault conviction and 10-year terms on each of the two other second-degree sexual assault convictions, the sentences ran concurrently under state law because they resulted from one episode. Ali has not shown that the imposition of separate concurrent terms of imprisonment for three acts of sexual assault is unconstitutional or is contrary to, or an unreasonable application of Supreme Court precedent. He is not entitled to habeas relief on Ground Five.

D.   Defendant's Absence from Charge Conference

In Ground Six, Ali asserts that he was denied his due process and equal protection right to have been informed of the purpose of a charge conference, to have participated in the charge conference, and to request an instruction on the lesser included offense of sexual contact. He asserts that "[t]he Judge added 2nd degree sexual assault charges, but could have and should have added third degree offenses, and even fourth degree offenses" where the "accuser assert[ed] that petitioner was flaccid" and the court "overlooked or ignored the uncomfortable truth that petitioner's right to collaterally request lesser-included offenses was consistent with his

17

accuser's accusations and relevant facts and or evidence or the lack thereof." (ECF No. 1 at 15.)

The Due Process Clause guarantees a criminal defendant the right "to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." Kentucky v. Stincer, 482 U.S. 730, 745 (1987) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-106 (1934)). "'[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.'" United States v. Gagnon, 470 U.S. 522, 526 (1985) (quoting Snyder, 291 U.S. at 105-106). Due process does not require defendant's presence where "there is no indication that [defendant] 'could have done [anything] had [he] been at the [hearing] nor would [he] have gained anything by attending.'" Stincer, 482 U.S. at 747 (quoting Gagnon, 470 U.S. at 527).

In Snyder, the Supreme Court held that due process was not violated when the judge took the jury, with defense counsel but without defendant, to see the scene of the crime. See Snyder, 291 U.S. at 103-105. In Gagnon, the Supreme Court held that the presence of defendant Gagnon was not constitutionally required

18

while the trial judge interviewed in chambers and in the presence of Gagnon's attorney a juror who had seen defendant sketching members of the jury, even though the judge allowed the juror to continue sitting.  In Stincer, 482 U.S. 730, the Court held that defendant's constitutional rights were not violated in a criminal case charging defendant with committing sodomy against three children by his exclusion from a hearing at which his attorney was present to determine the competency of two of the child witnesses where defendant was present when the children testified at trial.

In this case, the Appellate Division found that the instruction on sexual contact was not warranted because the evidence did not rationally support a conviction on that charge. Specifically, the appellate court noted that, as Ali "did not deny that penetration occurred, a charge on sexual contact would not have been appropriate."  State v. Ali, Docket No. A-2628-10T4 slip opinion (N.J. Super. Ct., App. Div., June 18, 2012) (ECF No. 14-8 at 10).  This finding is entitled to a presumption of correctness under 28 U.S.C. 2254(e)(1) and Ali has not rebutted this presumption of correctness by clear and convincing evidence.  Moreover, any error of state law regarding this

19

determination cannot form the basis for habeas relief as habeas relief is not available for violations of state law.[5] Accordingly, there was nothing Ali could have gained by attending the charge conference and the New Jersey courts did not unreasonably apply Supreme Court holdings in concluding that Ali's constitutional right to be present was not violated by his absence at the charge conference.  See United States v. Beierle, 810 F.3d 1193, 1199 (10th Cir. 2016) (holding that defendant has no due process right to be present at jury instruction conference); cf. Ross v. District Attorney of the County of Allegheny, 672 F.3d 198, 212-13 (3d Cir. 2012) (holding that habeas relief was not warranted on claim that defendant's absence at in camera conference with juror and defendant's counsel violated due process).  Ali is not entitled to habeas relief on Ground Six.

---

[5] See Estelle v. McGuire, 502 U.S. 62, 71-72 (1991) ("[T]he fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief."); Engle v. Isaac, 456 U.S. 107, 119 (1982) ("Insofar as respondents simply challenge the correctness of the self-defense instructions under Ohio law, they allege no deprivation of federal rights and may not obtain habeas relief").

E.   <u>Ineffective Assistance of Counsel</u>

In Ground Seven, Ali asserts that trial counsel was constitutionally ineffective in causing two mistrials, failing to subpoena the only witness who would have impeached the credibility of A.D., failing to apprise him of the nature of the charge conference, and failing to request an instruction on sexual contact.  He asserts that appellate counsel was ineffective in refusing to raise certain issues on direct appeal.

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense."  U.S. Const. amend. VI.  A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  First, the defendant must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  <u>Id.</u> at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]"  <u>Hinton v. Alabama</u>, 134 S.Ct. 1081, 1083 (2014) (<u>per curiam</u>).  To establish prejudice,

21

the second element, the defendant must show that "there is a reasonable probability that the result of the trial would have been different absent the deficient act or omission." Id., 134 S.Ct. at 1083.  "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 1089 (quoting Strickland, 466 U.S. at 695).

(1) Failure to Subpoena Witness

Ali asserts that "the Public Defender in complicity or in ignorance of the trial strategy of the prosecutor did not subpoena my 'only' witness, that would have impeached the credibility of my accuser." (ECF No. 1 at 19.)  He asserts that, if subpoenaed, the manager of the United Community Corporation could have shown that A.D. was not telling the truth when she stated that the apartment where the incident occurred was her apartment.

22

Ali is not entitled to habeas relief on this claim because he has not shown prejudice.[6]  Prejudice "requires more than just a 'conceivable' likelihood of a different result."  <u>Grant v. Lockett</u>, 709 F.3d 224, 235 (3d Cir. 2013) (quoting <u>Harrington v. Richter</u>, 131 S.Ct. 770, 792 (2011)); <u>see also</u> <u>Duncan v. Morton</u>, 256 F.3d 189, 201-202 (3d Cir. 2001) (observing that a showing of prejudice "may not be based on mere speculation about what the witness[] [his attorney] failed to locate might have said[.]") (quoting <u>United States v. Gray</u>, 878 F.2d 702, 712 (3d Cir. 1989)).[7]  Here, Ali's failure to include a sworn statement regarding the nature of this witness's proposed testimony is fatal to his making a *prima facie* showing of prejudice.  <u>See</u>

_____

[6] Although it appears that Ali has not exhausted this claim, the Court will deny relief on the merits pursuant to 28 U.S.C. § 2254(b)(2).

[7] The <u>Gray</u> court relied on <u>United States v. Velenzuela-Bernal</u>, 458 U.S. 858 (1982), wherein the Supreme Court found that the deportation of a potential witness, whose testimony could conceivably benefit the defendant, before defense counsel had an opportunity to interview him, did not violate the Due Process Clause or the Compulsory Process Clause:  "Given the vagaries of a typical jury trial, it would be a bold statement indeed to say that the testimony of any missing witness could not have 'conceivably benefited' the defense.  To us, the number of situations which will satisfy this test is limited only by the imaginations of judges or defense counsel."  <u>Id.</u> at 866-67.

Duncan, 256 F.3d at 202 ("In light of Duncan's failure to present any sworn testimony by [the potential witness], he has failed to establish prejudice as a result of [counsel's] alleged failure to interview [the witness]."); United States v. Dawson, 857 F.2d 923, 928-29 (3d Cir. 1988) (holding in § 2255 case that the district court properly dismissed ineffective assistance of counsel claim where, *inter alia,* Dawson did not submit an affidavit stating what a proposed witness would have testified); Karamanos v. United States, Civ. No. 04-0171 (JEI), 2005 WL 2777552 *4 (D.N.J. Oct. 24, 2005) (rejecting ineffective assistance of counsel claim without an evidentiary hearing in § 2255 case based on counsel's failure to call witnesses because "the Court cannot conclude that Petitioner was prejudiced by counsel's failure to investigate or call these individuals as witnesses because Petitioner has failed to provide a sworn statement of facts from any of the [witnesses] detailing their proposed testimony.")  As Ali failed to assert facts showing prejudice, he has not established denial of his Sixth Amendment rights under Strickland on this claim.

24

(2) Whether Counsel Was Deficient in Causing Two Mistrials

Ali asserts that counsel was deficient in removing his security bracelet and thereby causing the first mistrial and that counsel was deficient in causing a second mistrial when her father in law became gravely ill.  Again, although Ali has not exhausted this claim, the Court will deny it on the merits because Ali has not shown that there is a reasonable probability that the jury would have acquitted him, absent the mistrials.

(3)  Failure to Apprise Ali of Charge Conference

Ali asserts here, as he did on appeal from the denial of post-conviction relief, that counsel was constitutionally deficient in failing to "apprise petitioner of the nature of what is now known as a 'charge conference,' of his right to contest and or request what is now known as lesser included offenses." (ECF No. 1 at 19.)  Because the Appellate Division concluded that the lesser included sexual contact instruction was not appropriate in his case, Ali has not shown that he was deprived of any rights by being unable to request a sexual contact instruction at the conference.  Accordingly, counsel was not deficient and he has not shown prejudice.  The Appellate

Division did not unreasonably apply Strickland in rejecting this claim.

(4) Failure to Request Instruction on Sexual Contact

Ali argued on post-conviction relief that counsel was constitutionally deficient in failing to request an instruction on the lesser included offense of sexual contact.  As explained above, the Appellate Division held that counsel was not deficient because the facts did not rationally support this instruction and sexual contact is not a lesser included offense of sexual assault.  As explained above, this finding must be presumed to be correct and this Court has determined that this ruling was not contrary to, or an unreasonable application of Supreme Court precedent.  Because "counsel cannot be deemed ineffective for failing to raise a meritless claim," the New Jersey courts did not unreasonably reject this claim.  Ross v. District Attorney of the County of Allegheny, 672 F.3d 198, 211 n.9 (3d Cir. 2012) (quoting Werts v. Vaughn, 228 F.3d 178, 202 (3d Cir. 2000)).

(5) Appellate Counsel Failed to Raise Arguments

Ali asserts here, as he did on post-conviction relief, that appellate counsel "refused to argue any issues dealing with

26

[his] indictment, lesser included offenses, or any issues pertaining to my public defender and my complaint/issue of ineffective assistance of trial attorney . . .  Petitioner, in fact, argued ineffective assistance of appellate counsel for ill-advising [him] as to what issues were appeal issues and what issues were P.C.R. Issues." (ECF No. 1 at 20) (emphasis in original).

The Fourteenth Amendment guarantees a criminal defendant pursuing a first appeal as of right certain "minimum safeguards necessary to make that appeal 'adequate and effective,'" Evitts v. Lucey, 469 U.S. 387, 392 (1985) (quoting Griffin v. Illinois, 351 U.S. 12, 20 (1956)), including the right to the effective assistance of counsel, Evitts at 396.  The ineffective assistance of counsel standard of Strickland applies to a claim that appellate counsel was ineffective.  See Smith v. Robbins, 528 U.S. 259, 285 (2000); United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002).  However, appellate counsel is not constitutionally required to raise every nonfrivolous claim requested by the defendant.  See Jones v. Barnes, 463 U.S. 745, 751 (1983); see also Smith v. Robbins, 528 U.S. 259, 288 (2000). And "it is a well established principle that counsel decides

27

which issues to pursue on appeal." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996).

In this case, counsel did not raise on direct appeal the issues Ali presented on post-conviction relief, which the New Jersey courts rejected on the merits. Again, because "counsel cannot be deemed ineffective for failing to raise a meritless claim," the New Jersey courts were not unreasonable in concluding that counsel was not deficient in failing to raise these claims on direct appeal. Ross, 672 F.3d at 211 n.9 (quoting Werts, 228 F.3d at 202).

F.    Cumulative Effect of Errors Violated Due Process

In Ground Eight, Ali asserts that the cumulative effect of the errors deprived him of due process. He refers to the trial judge's failure to instruct on sexual contact, the trial judge's allowing the jury to convict him of three second-degree sexual assault charges, the imposition of three sentences for second-degree sexual assault when there was a single accuser and a single episode, the error in the judgment, and the prosecutor's remark at sentencing that Ali was a poster child for the need for an extended term. Ali raised the cumulative errors claim on post-conviction relief. The trial judge found there was no

28

merit to the claim, as the majority of the cited errors were not errors, and the Appellate Division affirmed on this ground without discussion.

While the Third Circuit has discussed the notion that cumulative errors may violate due process when they undermine the reliability of the verdict,[8] this Court's research indicates that the Supreme Court has not clearly established that habeas relief is warranted on the basis of alleged cumulative trial errors.  To be sure, in Chambers v. Mississippi, 410 U.S. 284

---

[8] See Fahy v. Horn, 516 F.3d 169, 205 (3d Cir. 2008) (holding, inter alia, that given the "weighty evidence of Fahy's guilt in the record," including his detailed confession, the cumulative errors cited by Fahy did not deprive him of due process because the verdict was not "unreliable"); Albrecht v. Horn, 471 F.3d 435, 468 (3d Cir. 2006) (noting that "[c]umulative errors are not harmless if they had a substantial and injurious effect or influence in determining the jury's verdict, which means that a habeas petitioner is not entitled to relief based on cumulative errors unless he can establish 'actual prejudice,'" but holding that "Albrecht has not shown that the cumulative prejudice resulting from the errors we have identified undermined the reliability of the verdict") (quoting Brecht v. Abramson, 507 U.S. 619, 637 (1993)); Marshall v. Hendricks, 307 F.3d 36, 94 (3d Cir. 2002) (holding, inter alia, that "even were we to cumulate all the claimed errors and superimpose them over the extensive trial proceedings, given the quantity and quality of the totality of the evidence presented to the jury, we could not conclude that the New Jersey Supreme Court unreasonably applied Supreme Court precedent or unreasonably determined the facts in making its ruling").

(1973), the Supreme Court reversed the conviction of Chambers for murdering a police officer on the ground that "the cumulative effect" of several evidentiary rulings denied due process under the Fourteenth Amendment because they "frustrat[ed] his efforts to develop an exculpatory defense" that another person – Gable McDonald – had shot and killed the police officer.  Id. at 290 n.3.  Specifically, the trial court denied Chambers' request to cross-examine McDonald as an adverse or hostile witness and sustained the state's hearsay objection to the admission of the testimony of three witnesses who would have testified that McDonald had confessed, on three separate occasions shortly after the crime, to shooting the police officer.  The Supreme Court held that "the exclusion of this critical evidence, coupled with the State's refusal to permit Chambers to cross-examine McDonald, denied him a trial in accord with traditional and fundamental standards of due process."  Id. at 302-03.  However, the Court emphasized that, "in reaching this judgment, we establish no new principles of constitutional law . . . .  Rather, we hold quite simply that under the facts and circumstances of this case the rulings of the trial court deprived Chambers of a fair trial."  Id.

30

Subsequent Supreme Court cases have interpreted Chambers narrowly.  For example, in United States v. Scheffer, 523 U.S. 303, 308 (1998), citing Chambers, the Supreme Court observed that "we have found the exclusion of evidence to be unconstitutionally arbitrary or disproportionate only where it has infringed upon a weighty interest of the accused."  In Scheffer, the Court rejected defendant's claim that a per se rule against the admission of polygraph evidence in a court martial violated the Fifth or Sixth Amendment rights of the accused to present a defense.  The Scheffer Court noted that Chambers "found a due process violation in the combined application of Mississippi's common-law 'voucher rule,' which prevented a party from impeaching his own witness, and its hearsay rule that excluded the testimony of three persons to whom that witness had confessed," id. at 316, and explained that "Chambers therefore does not stand for the proposition that the defendant is denied a fair opportunity to defend himself whenever a state or federal rule excludes favorable evidence." Id.  In Montana v. Egelhoff, 518 U.S. 37, 53 (1996), the Court held that due process does not prevent a state from disallowing consideration of voluntary intoxication when a defendant's state

31

of mind is at issue, and observed that "the holding of Chambers -- if one can be discerned from such a fact-intensive case -- is certainly not that a defendant is denied 'a fair opportunity to defend against the State's accusations' whenever 'critical evidence' favorable to him is excluded, but rather that erroneous evidentiary rulings can, in combination, rise to the level of a due process violation." Id. at 53.

The New Jersey courts' rejection of Ali's cumulative errors claim was not contrary to, or an unreasonable application of Chambers because Chambers did not "clearly establish" that the cumulative effect of alleged trial errors denies due process. Moreover, Ali has not shown the existence of the challenged errors, that he was denied a meaningful opportunity to present a defense as a result of the exclusion of reliable clearly exculpatory evidence through the application of evidentiary rules,[9] or that the cumulative prejudice resulting from errors

---

[9] See Williams v. Price, 343 F.3d 223, 232 (3d Cir. 2003) (observing that Chambers and other Supreme Court opinions "may be viewed as 'clearly establish[ing]' . . . that a state evidence rule may not severely restrict a defendant's right to put on a defense if the rule is entirely without any reasonable justification"); United States v. Flemming, 223 F. App'x 117, 126 n.5 (3d Cir. 2007) (noting that to establish a constitutional violation in a federal criminal case under

undermined the reliability of the verdict.  Ali is not entitled to habeas relief on Ground Eight.

## IV.  Certificate of Appealability

Ali has not made a substantial showing of the denial of a constitutional right.  Therefore, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(1)(B).  See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## V.  CONCLUSION

This Court dismisses the Petition with prejudice and denies a certificate of appealability.  The accompanying Order is entered.

April 1, 2016
Dated

s/ Jerome B. Simandle
Jerome B. Simandle
Chief U.S. District Judge

---

Chambers, "a defendant must show:  (1) he was deprived of the opportunity to present evidence in his favor; (2) the excluded testimony would have been material and favorable to his defense; and (3) the deprivation was arbitrary or disproportionate to any legitimate evidentiary or procedural purpose").

33